Marvin Conley
1783 Michigan Avenue
East Palo Alto, CA 94303
Tel. (650)323-7286

Prose Se Plaintiffs
MARVIN CONLEY, MARLIN CONLEY
MARVISHA CONLEY

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

EMC

| | |
|---|---|
| MARVIN CONLEY, MARLIN CONLEY, MARVISHA CONLEY, | CASE NO: CV 08 2101 |
| Plaintiffs, | COMPLAINT |
| vs. | CIVIL RIGHTS, 42 U.S.C. SECTION 1983, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, NEGLIGENT HIRING, TRAINING AND SUPERVISION, FALSE ARREST, AND FALSE IMPRISONMENT. |
| REDWOOD CITY, REDWOOD CITY POLICE DEPARTMENT, OFFICER S. SYSUM, MS. ROSEMARY WILLIAMS, Mrs. ~~RHONDA COKER WILLIAMS~~, and DOES 1-10, INCLUSIVE, Rhonda Williams Coker (M.C) | |
| Defendants. | |

Plaintiffs MARVIN CONLEY, MARLIN CONLEY and MARVISHA CONLEY, allege:

**JURISDICTION**

1. This action arises under 42 U.S.C. Section 1983. Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

**INTRADISTRICT ASSIGNMENT**

2. The claims alleged herein arose in Redwood City, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division. 28 U.S.C. Section 1391(b)(2).

**PARTIES**

3. Plaintiff MARVIN CONLEY, as all times mentioned herein, sues on his own behalf

1

1

2      and on behalf of his minor children MARLIN CONLEY and MARVISHA CONLEY, is the

3      resident of San Mateo County and has capacity to sue or be sued..

4          4. Defendant, REDWOOD CITY, is and at all times herein mentioned was a Municipal

5      Corporation duly organized and existing under the law of the State of California with the legal

6      capacity to sue and to be sued and liable for this lawsuit because the REDWOOD CITY POLICE

7      DEPARTMENT is legally organized and empowered as final authority for law enforcement in

8      the REDWOOD CITY under the REDWOOD CITY CHARTER.

9          5. Defendant, REDWOOD CITY POLICE DEPARTMENT, is a public agency legally

10     organized and established with the power of law enforcement public policy or custom final

11     authority in the REDWOOD CITY under the Charter of the REDWOOD CITY, CALIFORNIA

12     GOVERNMENT CODE and the CONSTITUTION OF CALIFORNIA as interpreted and

       implemented by Federal and California Case Laws.

13         6. Defendant POLICE OFFICER S. SYSUM (hereinafter Defendant SYSUM) was at all

14     times herein mentioned, a police officer for the REDWOOD CITY and is sued herein in his

15     individual and official capacities.

16         7. MS ROSMARY WILLIAMS, 1119 Mandera Ave., Menlo Park, CA 94025,

17     (hereinafter WILLIAMS) was at all time herein mentioned a San Mateo County resident and is

18     sued herein in her individual and official capacities participant in government children foster care

19     program.

20         8. Mrs. ~~RHODA COKER WILLIAMS,~~ 260 Terminal Ave., Menlo Park, CA 94025,

21     Rhonda Williams Coker (n.c)
       (hereinafter WILLIAMS) was at all time herein mentioned a San Mateo County resident and is

22     sued herein in her individual and official capacities participant in government children foster care

23     program.

24         9. In doing the acts alleged herein, Defendants, and each of them, acted within the course

25     and scope of his employment for the REDWOOD CITY.

26         10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted

27

28                                                    2

under color of authority and/or under color of law.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

12. Defendants DOES 1 - 10, are each responsible in some manner for the damages alleged herein. The true names and capacities of Defendants DOES 1 -10, are presently unknown to Plaintiff. Plaintiff is informed and believe and therefore alleges on information and belief, that each of them is responsible in some manner for the damages alleged herein. Plaintiff therefore sues Defendants DOES 1 - 10, by such fictitious names and will seek leave to amend this complaint to add their true names when the same have been ascertained.

## COMMON ALLEGATION

13. June 2, 2007, Defendant Ms Rosemary Williams took Minors Marlin and Marvisha Conleys on permission of Plaintiff Marvin Conley to take them to children's party but took to the Redwood City Police Department alleging that Marlin and Marvisha Conleys were left alone as minors and were abused by their father Marvin Conley.

14. The police department through Officer S. Sysum checked the resident of Plaintiff Marvin Conley whether the minors were left alone or not and found out in fact the children were not left alone and were not abused.

15. In spite of having the prior knowledge that the children were not left alone nor abused by their father Marvin Conley, the Redwood City Police Department chose to put the children under the jurisdiction of the San Mateo County Superior Court and referred Marlin Conley and Marvisha Conley to San Mateo County Child Protective Services. The Child Protective Service, on the suggestion of Ms Rosmary Williams and Mrs. ~~Rhoda Coker Williams~~ Rhonda Williams Coker (M.C) that they are the grandmother and aunt respectively, put under the foster care of Mrs Rhoda Coker Williams until the matter of the minors' custody would be resolved by the San Mateo County Superior Court. Mrs. Rhoda Coker Williams' house was where sex offenders frequently visit exposing the minors to extreme danger for fifteen days until the Superior Court restored the custody to Marvin

3

Conley. As the result, Marvin Conley, Marlin Conley and Marvisha Conley were exposed to extreme pain and suffering, mental anguish and emotional distress. Marvin Conley has to go through the unnecessary and expensive court process to gain the custody of his children and he had stomach operation because of the extreme emotional distress. As a result of Defendants' wrongful acts, Plaintiffs suffered injuries sustaining damages.

16. On or about August 24, 2007, Plaintiff presented a timely claim for damages to the Redwood City pursuant to the California Tort Claims Act, California Government Code section 900 et. Seq. On or about October 24, 2007, the Redwood City rejected plaintiff's claims. This lawsuit is brought within the time allowed by California Government Code section 945.6. Therefore, this lawsuit is not affected by the relevant statute of limitations.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**(42 U.S.C. SECTION1983)**
**(For Violation Of Plaintiff's**
**Fifth and Fourteenth Amendment Rights)**
**( Against All Defendants )**

17. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 16.

18. Defendants Officer S. Sysum, Ms. Rosemary Williams and Mrs Rhoda Williams acted under color of state law to deprive Plaintiff of constitutionally protected rights including but not limited to the:

(a) The right to be free from unreasonable searches and seizures as guaranteed by the fourth amendment to the United States Constitution;

(b) The right to be free from interference in the privacy of the family by police officers, which is guaranteed by fifth and fourteenth amendments to the United States Constitution;

(c) The right not to be deprived of life, liberty, or property without due process of law as guaranteed by the fifth and fourteenth amendments to the United States Constitution;

(d) The right to equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution; and

4

1

2    (e) The right to be free from interferences with the zone of privacy protected by

the fourth and ninth amendments to the United States Constitution.

3

WHEREFORE Plaintiff prays as hereinafter set forth.

4

### SECOND CAUSE OF ACTION
5    ### (42 U.S.C. Section 1983)
### Monell's Ruling
6    ### (Against Redwood City and Redwood
### Redwood City Police Department,
7    ### Officer S. Sysum, Ms. Rosemary Williams
### Mrs ~~Rhoda Crocker Williams~~
8    Rhonda Williams Coker (MC)
19.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 18.

9

20.  As against Defendants City of East Palo Alto, and/or East Palo Alto Police
10

Department, and/or Sergeant Kevin Fung, and/or Does 1 through 50 in their individual and
11

official capacities, Plaintiff further alleges that the acts and/or omissions alleged in the complaint
12

herein are indicative and representative of a repeated course of conduct by members of the
13

Redwood City Police Department tantamount to a custom, policy or repeated practice of
14

condoning and tacitly encouraging the use of excessive force and the disregard for the
15

constitutional rights of citizens.
16

21.  Plaintiff is further informed and believes and thereon alleges that the acts and/or
17

omissions alleged herein are the direct and proximate result of the deliberate indifference of
18

Defendants Redwood City, Redwood City Police Department, Officer S. Sysum and Does 1
19

through 50, and/or each of them, to repeated acts of Police Officers' misconduct which were
20

tacitly authorized, encouraged or condoned by the Redwood City, Redwood City Police
21

Department, Officer S. Sysum and Does 1 through 50, and each of them.
22

22.  The injuries to Plaintiff were foreseeable and proximate result of said customs,
23

policies, patterns and/or practices of Defendants Redwood City, Redwood Police Department,
24

Officer S. Sysum and Does 1 through 50, and each of them.
25

23.  Plaintiff is further informed and believes and thereon allege that the injuries and
26

damages sustained by Plaintiff, as alleged herein, were the direct and proximate result of
27

28    5

1   municipal customs and/or policies of deliberate indifference in the training, supervision and/or

2   discipline of members of the Redwood City Police Department.

3
4       24.  Plaintiff is further informed and believes and upon such information and belief allege

5   that the damages and injuries suffered by Plaintiff were caused by customs, policies, patterns or

6   practices of the Redwood City, Redwood City Police Department, Officer S. Sysum and Does 1

7   through 50, and each of them, of deliberate indifference in training, supervision and/or discipline

    of Police Officers and Does 1 through 50, and/or each of them.
8
9       25.  The aforementioned customs, policies or practices of Defendants Redwood City,

10  Redwood Police Department, Officer S. Sysum and Does 1 through 50, and/or each of them,

11  resulted in the deprivation of the constitutional rights of Plaintiff, including, but not limited to,

    the following:
12
13          (a) the right to be free from unlawful search and seizure, and excessive force;

14          (b) the right to be free from discrimination based on race and/or gender;

    and/or
15
16          (c) the right to equal protection of the law.

17      26.  Said rights are substantive guarantees under the Fifth and Fourteenth Amendments of

    the United States Constitution.
18
19      WHEREFORE Plaintiff prays as hereinafter set forth.

20                           **THIRD CAUSE OF ACTION**
                             **(False Arrest and Imprisonment)**
21                  **(Against Officer S. Sysum, Ms. Rosemary Williams and**
                         **Mrs. ~~Rhoda Coker Williams~~ and Does 1 - 50)**
22                       Rhonda Williams Coker (M.C)

23      27.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26.

24      28.  Defendants Officer S. Sysum, Ms. Rosmary Williams and Mrs. ~~Rhoda Coker~~
                                              Rhonda Williams Coker (MC)
25  ~~Williams~~ and DOES 1-50 falsely arrested and imprisoned Plaintiffs Marlin and Marvisha

26  Conleys  without probable cause. Defendants, and each of them, failed to observe proper police

27  procedures in arresting and imprisoning Plaintiffs Marlin and Marvisha Conleys, and exceeded

28                                          6

1

the limits of their authority of using police officers in arresting Plaintiffs without probable cause.

2

WHEREFORE Plaintiff prays as hereinafter set forth.

3

4 ### FOURTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Officer S. Sysum, Ms. Rosemary Williams**

5 **and Mrs. ~~Rhoda Coker Williams~~)**
Mrs Rhonda Williams Coker (MC)

6 29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 29.

7 30. The conduct of the Office S. Sysum, Ms. Rosemary Williams
Rhonda Williams Coker (mc)

8 and Mrs. ~~Rhoda Coker~~ Williams who arrested and imprisoned and intentionally committed

9 harmful and offensive contact to Plaintiffs' person, was outrageous and beyond the scope of

10 conduct which should be tolerated by citizens in a free and democratic society. The defendants

11 committed the outrageous acts aforementioned with the intent to inflict severe mental and

12 emotional distress upon Plaintiff.

13 31. As a proximate result of Defendants' willful intentional and malicious conduct,

14 Plaintiff was seriously injured in his health, strength, and activity, sustaining injury to his body,

15 and shock and injury to his nervous system and person, all of which injuries have caused and

16 continue to cause Plaintiff great mental, physical, and nervous pain and suffering.

17 32. As a proximate result of Defendants' willful, intentional and malicious conduct,

18 Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is

19 entitled to an award of general and punitive damages.

20 WHEREFORE Plaintiff is entitled to an award as hereinafter set forth.

21 ### Fifth CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**
**(Against Officer S. Sysum, Ms. Rosemary Williams**

22 **and Mrs. ~~Rhoda Coker Williams~~)**
Rhonda Williams Coker (M.C)

23 33. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 32.

24 34. At all times herein mentioned, Defendants were subject to a duty of care, to avoid

25 causing unnecessary infliction of emotional distress to citizens in the exercise of the Police

26 functions. The conduct of Defendants, as set forth herein, did not comply with the standard of

27

28 7

1  care to be exercised by reasonable crime investigating officers.

2  35. As a direct, proximate and foreseeable result of intentional or negligent acts of

3  Defendants, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress,

4  and continues to suffer extreme emotional and physical distress, and continues to suffer extreme

5  emotional and physical distress, all to his general and special damages in an amount to be proven

6  WHEREFORE Plaintiff prays as hereinafter set forth.

7

8  **SIXTH CAUSE OF ACTION**
9  **(Negligence)**
   **(Against Officer S. Sysum, Ms. Rosemary Williams**
10  **and Mrs. ~~Rhoda Coker Williams~~)**
    Rhonda Williams Coker
11  36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35.

12  37. At all times herein mentioned, Defendants Officer S. Sysum, Ms. Rosemary
       Mrs. Rhonda Williams Coker
13  Williams and ~~Mrs. Rhoda Coker~~ Williams were subject to a duty of care, to avoid causing

14  unnecessary harm and risk to citizens in the exercise of the police functions. The conduct of
                                              Cmc) MR Rhonda william Coker
15  Defendants Officer S. Sysum, Ms. Rosemary Williams and ~~Mrs. Rhoda Coker~~ Williams, as set

16  forth herein, did not comply with the standard of care to be exercised by a reasonable crime

17  investigating officers, thereby proximately causing Plaintiffs to suffer false arrest and

18  imprisonment, infliction of emotional distress and civil rights violations.

19  38. At all times herein mentioned, Defendants individually and/or acting in concert with

20  one another negligently committed an outrageous act against Plaintiff which is not tolerated by

21  this civilized society.

22  **SEVENTH CAUSE OF ACTION**
23  **(Negligent Hiring, Training and Supervision)**
    **(Against Redwood City and**
24  **Redwood City Police Department)**

25  39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38.

26  40. Defendants REDWOOD CITY AND THE REDWOOD CITY POLICE

27  DEPARTMENT owes a duty of care to its residents, including Plaintiff, to hire, train, supervise

28  8

and control its police officers through the Redwood City  Police Department and its Chief,
including the high ranking police officers, to maintain peace, security and order within the
Redwood City.

41.  Defendants REDWOOD CITY AND REDWOOD CITY POLICE DEPARTMENT
negligently breached its duty of care to hire, train, supervise and control its Police Officers when
its Police Officer S. Sysum in collusion with Ms Rosemary Williams and Mrs. Rhoda Coker (mc) Mrs. Rhonda Williams C.K.W
Williams, including without warrant, illegally arrested  Plaintiffs' person an imprisoned
disturbing Plaintiffs' peace and security, without probable cause.

42.  As a direct, proximate and foreseeable result of the carelessness and negligence of
Defendants Redwood City and Redwood City POLICE DEPARTMENT, and each of them, in
the hiring, training and supervision of Defendants Officer S. Sysum, Plaintiffs Marvin Conley,
Marlin Conley and Marvisha Conley suffered multiple injuries.  Plaintiffs did suffer severe
personal injuries; was injured in health, strength and activity, was made sick, sore, lame and
disabled, and suffered other injuries to his body and shock and injury to his nervous system.  The
exact nature and extent of are unknown to Plaintiff at this time, and Plaintiff prays leave to
amend and insert the same herein when fully ascertained.

43.  By reason of the acts and omissions of Defendants, Plaintiffs have incurred and will
in the future incur expenses for medical care and treatment in an amount which they do not know
at this time and prays leave to amend and insert the same herein when fully ascertained.

44.  By reason of the acts and omissions of Defendants, Plaintiff also sustained general
damages in an amount within the unlimited jurisdiction of this Superior Court.

WHEREFORE Plaintiff prays as hereinafter set forth.

EIGHTH CAUSE OF ACTION

(Defamation Against Officer S. Sysum, Ms. Rosemary Williams
and Mrs. Rhoda Coker Williams)
Rhonda Williams Coker (M.C)

9

1

2
45. Plaintiff realleges and incorporates by reference herein paragraphs 1-44.

3
46. The intentional acts and omissions of Defendant Police Officer other Defendants

4
constitute defamatory language on the part of Defendant Police Officer and the Defendants

5
concerning Plaintiff as publicized by Defendants which caused serious damages to the reputation

6
of Plaintiff and decreased his job opportunities. Defendants Police Officer's and the other

7
Defenants' defamatory language against Plaintiff Marvin Conley, as publicized by Defendants to

8
third parties, portray that Plaintiff Marvin Conley committed crime of moral turpitude.

9
47. As a direct and proximate result of Defendant Officer's and the other Defendants'

10
defamatory language, Plaintiff suffered serious damages to the reputation of his name, the

11
relations to his wife and his children.

12
## STATEMENT OF DAMAGES

13
48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47.

14
49. As a result of the acts and/or omissions of Defendants, and each of them, as alleged

15
herein, Plaintiff is entitled to recover for the damages and injuries, including, but not limited to:

16
(a) General damages, including, but not limited to damages for pain and suffering;

17
(b) Special damages, including, but not limited to damages for future income and
medical expenses;

18
50. The acts and/or omissions of Defendants Officer S. Sysum, Ms Rosemary Williams

19
and Mrs. Rhoda Coker Williams, and each of them, were intentional, malicious, oppressive

20
and/or done with a conscious or reckless disregard for the rights of Plaintiffs. Accordingly,

21
Plaintiff pray for an award of punitive and exemplary damages in amounts to be determined

22
according to proof.

23
51. Plaintiff will also be entitled to an award of attorneys' fees and costs pursuant to

24
statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. Section 1983

25
and 1988 and/or under other statutes and/or laws.

26

27

28
10

1

## JURY TRIAL DEMAND

52. Plaintiff hereby demands a jury trial.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgement against Defendants, and each of them as follows:

    1. General damages to be determined according to proof;

    2. Special damages including, but not limited to past, present and/or future wages

       loss, income and medical expenses;

    3. Attorneys' fees pursuant to statutes;

    4. Costs of suit;

    5. Punitive and exemplary damages in amounts to be determined according to proof as to defendants Officer S. Sysum, Ms. Rosemary Williams and Mrs. Rhoda (mc) mrs.

~~Williams; Cotrae~~

    6. For prejudgement interest as permitted by law;

    7. For such other and further relief as the Court may deem just and proper.

Dated: April 18, 3008

                    MARVIN CONLEY

           Signature: Marvin Conley
                  Marvin Conley on his behalf
                  and Guardian ad litem of
                  Marlin Conley and Marvisha
                  Conley

11