IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CONLEY, MARLIN CONLEY, and MARVISHA CONLEY,<br><br>    Plaintiffs,<br><br>  v.<br><br>REDWOOD CITY, REDWOOD CITY POLICE DEPARTMENT, OFFICER SYSUM, MS. ROSEMARY WILLIAMS, MRS. RHONDA WILLIAMS COKER, and DOES 1–10, inclusive,<br><br>    Defendants.<br>                                             / | No. C 08-02101 WHA<br><br>**ORDER DENYING MOTION TO DISQUALIFY DISTRICT JUDGE** |

       The motion to disqualify Chief Judge Vaughn Walker from this action has been randomly assigned to the undersigned. The allegation is that Judge Walker is prejudiced against African Americans, particularly those of recent immigration. The supposed support for this charge is a declaration by plaintiff Marvin Conley. The declaration verges on the incomprehensible but the undersigned read it many times and deciphered it. In brief, it claims that in a completely different civil rights case not involving plaintiff, Judge Walker set aside a default judgment against the City of Oakland and eventually (it seems but this is not clear from the declaration) granted summary judgment in its favor after counsel for the plaintiff there failed to file any opposition to the summary judgment motion. Judge Walker referred counsel

to the State Bar and made him pay certain costs. Plaintiff's counsel there, an African American, happens to be the same counsel here now representing Mr. Conley.

Putting aside the obvious problem that Mr. Conley has no firsthand knowledge of what happened in the former case (and the lawyer himself has given no declaration), the bare-bones history of the case, as recounted in the declaration, fail to show that the judge was prejudiced against African-American attorneys.

That the attorney there involved — evidently, Berehanu H. Challa — was African American does not mean that the judge was prejudiced. It was entirely reasonable to sanction an attorney for failing to prosecute a case and for missing important deadlines, especially after giving notice and opportunity to submit an explanation. The declaration in no way shows that the sanction was unwarranted. The fact that the errant lawyer was African American appears to be nothing more than a happenstance. If the lawyer had been Caucasian, he would have deserved, and undoubtedly received, the very same treatment. So the record submitted falls short.

*          *          *

Out of an abundance of fairness, the undersigned went back and read much of the case file in the earlier case handled by Attorney Challa. That review demonstrates that Judge Walker was most fair to the parties in that case and that Attorney Challa deserved to be referred to the State Bar — or at least Judge Walker could reasonably have so found. The earlier action was a federal-state civil rights suit based on an alleged wrongful arrest and detention of Sylvester Okoro brought against the City of Oakland in 2002. Oakland answered the complaint (Dkt. 3). In 2003, an order dismissed all defendants other than Oakland with leave to file a motion to amend. Judge Walker then extended the discovery cutoff.

At first, plaintiff Okoro was represented by Attorney Alieu Iscandari, Attorney Challa coming into the case later. The races of Okoro and Iscandari are not revealed. Attorney Iscandari was relieved as counsel and Okoro represented himself for a time. By the end of 2003, the case was lacking progress and prosecution, so under Rule 16 and his case management authority, Judge Walker did the sensible thing and ordered Oakland to file a

1 motion for summary judgment to tee up whatever issues needed to be decided (or for Oakland
2 to advise that fact-questions predominated).  Plaintiff then was to have thirty days to serve
3 an opposition.  Plaintiff was expressly advised by the case management order that summary
4 judgment might terminate the case.  The order ended: "It is plaintiff's responsibility to
5 prosecute this case."

6 When Oakland failed to move by the deadline of the case management order,
7 Judge Walker ordered the Clerk to enter a default against Oakland — after which Okoro was
8 to be allowed to apply for entry of default judgment.

9 At this point, Attorney Challa appeared for Okoro.  Oakland then moved to set aside
10 the default, which was granted, and the Court reinstated its earlier case management plan but
11 with a new set of generous dates:  The defense summary judgment motion was to be filed by
12 February 24, 2005, and the opposition was due March 10.  This notice was sent to counsel
13 and summarized in all pertinent respects in the easily accessible on-line docket.  This time,
14 Oakland moved for summary judgment.  Attorney Challa, however, failed to file an opposition.
15 Four days after the deadline, he moved for an extension of time.  This was denied and the
16 Court issued an order to show cause why the summary judgment motion should not be treated
17 as unopposed due to plaintiff's failure to file a timely opposition, to which a response was
18 submitted.  Contrary to the impression left by the recent filing in the instant case,
19 Attorney Challa was then allowed an extension to April 15 (almost an entire month from the
20 date of the order) to file an opposition.  Attorney Challa was also ordered to show cause why
21 he should not be required to pay the defense costs associated with his delay.  He was given to
22 April 15 to respond.

23 Attorney Challa did file an opposition to the summary judgment motion, which was
24 unconvincing.  Under *Monell*, Judge Walker dismissed the federal claim without prejudice to
25 re-filing the state claims in state court.  Attorney Challa utterly failed to submit any evidence
26 and relied on mere allegations.  The Ninth Circuit eventually affirmed.

27 With respect to the order to show cause, Attorney Challa filed nothing despite the
28 generous 28-day period to do so.  The Court then sanctioned Attorney Calla and required him

3

1  to pay $832.50 in fees to the other side. It also noted that Attorney Challa's earlier description
2  of "the chaotic state of affairs in his law office establishes recklessness" (Order at 2). The order
3  stated:

> The court also noted in its second order to show cause that:
>
>> the representations of his response to the order to show cause — as well as the content and expression of that response — give the court concern that plaintiff's counsel may lack the ability to practice law. Unless allayed, this concern will cause the court to report plaintiff's counsel to the State Bar of California with a request that the State Bar investigate counsel's competency.
>
> 3/18/05 Order (Doc. # 49) at 2:5–11. Plaintiff's counsel has not even attempted to put the court's concerns to rest. Accordingly, the clerk is DIRECTED to forward to the State Bar of California (a) a copy of this order and (b) copies of Doc. Nos. 43–49, with the court's request that the State Bar investigate plaintiff's counsel's competency to practice law.

This paragraph was then sent to the State Bar.

In sum, the disqualification motion portrays the *Okoro* case in a misleading way. One example is the recent statement: "This court gave the plaintiff's attorney only five days to file response to this order to show cause." Actually, Judge Walker gave counsel 28 days and counsel utterly failed to do so (Dkt. 49). Contrary to the impression left by the highly conclusory and abbreviated declaration seeking to disqualify, Judge Walker gave more extensions and showed more patience than most judges would have done in the circumstances. The incoherence and disorganization of Attorney Challa's law office raised a legitimate question as to whether he was able to faithfully represent clients and any judge would have been responsible in referring the circumstances to the State Bar for investigation and further opportunity for counsel to explain himself.

In sum, the record in the *Okoro* case demonstrates that Judge Walker was fair and gave generous extensions but finally the day of reckoning arrived and Attorney Challa had no evidence to present. Judge Walker had no choice but to grant the summary judgment motion. If it is true that Mr. Okoro suffered as a result, then he should look to Attorney Challa, not Judge Walker, for the cause. Those same omissions and Challa's course of conduct were also

4

what provoked the referral to the State Bar. There is absolutely nothing in this record or the record of the *Okoro* case to suggest that Judge Walker was biased against anyone on the basis of race (or anything else).

Under Local Rules 7-1 and 7-6, it is in the judge's discretion whether a motion may be determined without oral argument. The Court has reviewed the record and has concluded that oral argument is unnecessary. The motion to disqualify is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 15, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE